IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURIE ORWICK,<br><br>             Plaintiff,<br>     v.<br><br>WALMART, INC.,<br><br>             Defendant. | Case No.: 3:23-cv-00091-AN<br><br><br>OPINION AND ORDER |

      Plaintiff Laurie Orwick ("Orwick") brought this action against defendant Walmart, Inc. ("Walmart") in Multnomah County Circuit Court, alleging that Walmart negligently created a slipping hazard that caused her to slip and sustain injuries. Defendant removed the action to this Court.

      On May 19, 2023, defendant filed a motion for summary judgment. Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF [13]. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, the motion is DENIED without prejudice.

## LEGAL STANDARD

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). Material facts are those which might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Materiality is determined using substantive law. *Id.* A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

      When a moving party demonstrates the absence of a genuine dispute as to any material fact, the nonmoving party that bears the burden at trial must show in response that there is evidence creating

1

a genuine dispute as to any material fact. *Rivera*, 395 F.3d at 1146 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986)).

The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

## BACKGROUND

Orwick alleges that on December 13, 2020, she slipped and fell on tile flooring at the entrance of a Walmart store in McMinnville, Oregon, because the floor was wet and slippery and the anti-slip entryway rugs were separated, exposing wet tile. Compl., ECF [1-2], ¶ 2. It was "pouring down rain," and, as Orwick entered the store, "her leg pulled out from under her." Decl. of John Barhoum ("Barhoum Decl."), ECF [14], Ex. A, at 2. As a result of her fall, Orwick alleges that she suffered a "hamstring hematoma, a right hamstring tear, pelvis strain/sprain, right leg strain/sprain, and back/spine strain/sprain and exacerbation of migraines" and emotional distress. *Id.* ¶¶ 3-4. She claims that Walmart was negligent in failing to maintain dry, safe floors, maintain anti-slip mechanisms, or place caution signs. *Id.* ¶ 6.

On May 19, 2023, Walmart filed a motion for summary judgment. Plaintiff opposes the motion. Pl.'s Mem. In Opp. To Def.'s Mot. ("Pl.'s Resp."), ECF [16].

## DISCUSSION

Defendant contends that no genuine issue of fact exists concerning its alleged liability for plaintiff's fall and it is entitled to judgment as a matter of law. Def.'s Mot. 3.

Oregon law imposes liability on property owners for harms to entrants. The duty of care owed is determined by whether the entrant is an invitee, licensee, or trespasser. *Walsh v. C & K Mkt., Inc.*, 171 Or. App. 536, 539, 16 P.3d 1179 (2000). An invitee includes "anyone who comes on the premises for business that concerns the occupier, with the occupier's express or implied invitation." *Id.* "The occupier owes the greatest duties to an invitee, including both a duty to warn of latent dangers and an affirmative

duty to protect the invitee against dangers in the condition of the premises about which the occupier knows or should reasonably have known." *Id.* Storekeepers have a common law duty to "make their property reasonably safe for their invitees." *Hughes v. Wilson*, 345 Or. 491, 497, 199 P.3d 305 (2008).

In an action for negligence, a plaintiff who slips on a foreign substance in a store must prove that "(1) the substance was placed there by the occupant; (2) the occupant knew the substance was on the floor and failed to remove it; or (3) the substance had been on the floor for a sufficient amount of time, such that the occupant should have discovered and removed it." *Laygui v. Wal-Mart Stores, Inc.*, No. 6:13-CV-00327-AA, 2014 WL 3695536, at *2 (D. Or. July 24, 2014) (citing *Van Den Bron v. Fred Meyer, Inc.*, 86 Or. App. 329, 331, 738 P.2d 1011 (1987)).

Defendant argues that, as an initial matter, plaintiff cannot prove that she slipped on a wet substance. Def.'s Mot. 5. Defendant offers as evidence a section of the surveillance video of the entryway at the time of plaintiff's fall, which it states shows that "[p]laintiff did not slip as she has claimed but stepped incorrectly or awkwardly, causing her to fall," and that her feet remained on the entrance rugs before and during her fall. *Id.*; Barhoum Decl., Ex. C (video disc on file with the Court).

Defendant then argues that, even if the Court finds that plaintiff slipped on a foreign substance, plaintiff cannot prove any of the three required elements to demonstrate defendant's negligence. First, defendant asserts that plaintiff cannot prove the water was placed on the floor by defendant, because plaintiff has never made such an allegation. Def.'s Mot. 5. Second, it argues that plaintiff does not have any evidence showing that defendant knew the water was on the floor. Def.'s Mot. 5-6. If there was water on the floor, plaintiff cannot show that defendant failed to use reasonable diligence to remove it, defendant argues, because there were two rugs running through the entrance flanked by yellow cones warning of wet floors. *Id.* Defendant asserts that the rugs and cones are visible in security video and photos. *Id.*; Barhoum Decl., Ex. B, at 1-7; Barhoum Decl., Ex. C. Third, defendant argues that plaintiff did not present any evidence showing that water had been in the entrance so long that defendant should have discovered it and removed it. Def.'s Mot. 6. It asserts that, to the contrary, there is no proof that any liquid was on the floor at all. *Id.*

3

A.      **Federal Rule of Civil Procedure 56(d)**

Plaintiff argues that summary judgment is premature because discovery has not yet been completed, and asks the Court to deny defendant's motion or, in the alternative, defer ruling on the motion to permit additional discovery.[1]  Pl.'s Resp. 3.

When a nonmovant shows that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may defer or deny the motion, allow time to take discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d).  When a nonmovant makes a Rule 56(d) request, it "must demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) (quoting *Securities & Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, (1981)).  The nonmovant "must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'"  *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

Plaintiff notes that the telephonic Rule 16 hearing scheduled for this case was cancelled, after which the Court asked the parties to file a Joint Rule 26(f) Report and Discovery Plan. Pl.'s Resp. 3-4; Decl. of Spencer Kelly ("Kelly Decl."), ECF [17], ¶ 3; Kelly Decl., Ex. A.  Prior to any conference to discuss the Rule 26(f) Report and Discovery Plan, defendant's counsel informed plaintiff that defendant would be filing a motion for summary judgment.  Pl.'s Resp. 3-4.  As a result, no Rule 26(f) conference took place, no proposed discovery plan was filed with the Court, and the parties have apparently engaged in very little discovery.

---

[1] Plaintiff makes this request "[p]ursuant to FRCP 56(f)."  Pl.'s Resp. 3.  The Court assumes, based on plaintiff's briefing, that the request is made pursuant to Federal Rule of Civil Procedure 56(d).

4

Plaintiff intends to submit requests for productions and interrogatories and take depositions that she contends will provide evidence rebutting defendant's asserted absence of genuine issues of facts. Pl.'s Resp. 4; Kelly Decl. ¶ 6. In particular, plaintiff anticipates requesting and receiving the accident report form filed on the day of the incident, as well as any other complaints made to defendant about the floor being wet or slippery. Pl.'s Resp. 4; Kelly Decl. ¶ 6. Plaintiff also intends to depose defendant's employees who were working on the day of the incident; in particular, she heard an employee say "this is a problem we've been having" after her fall and intends to depose that employee to confirm that statement indicated that they were aware of an ongoing wet floor condition. Pl.'s Resp. 4; Kelly Decl. ¶ 6; Barhoum Decl., Ex. A, at 2. Plaintiff believes that this additional evidence will demonstrate that the floor was wet and that defendant, through its employees, was aware of this before her fall. Pl.'s Resp. 4.

Plaintiff has demonstrated that there are specific facts she hopes to elicit through discovery and that these facts exist. These facts are essential to summary judgment, as they would tend to show whether defendant was aware that water was on the floor and failed to remove it. As a result, plaintiff has met the requirements of Federal Rule of Civil Procedure 56(d) to demonstrate that the summary judgment motion is premature, and the Court may deny or defer decision. As discussed *infra*, the Court finds that denial is more appropriate.

**B.      Genuine Disputes of Material Fact**

Even absent the evidence that plaintiff expects to obtain from additional discovery, construing the available evidence in the light most favorable to plaintiff, this case presents genuine disputes of material fact that are not appropriate for summary judgment.

Defendant is insistent that the surveillance video definitively shows that plaintiff did not slip, but rather "stepped incorrectly or awkwardly," and that her feet remained on the entrance rugs and did not touch the tile between them. Def.'s Mot. 5; Def.'s Reply in Support of Def.'s Mot. ("Def.'s Reply"), ECF [18], at 2. The Court reviewed the surveillance video and finds that it is not as unequivocal as defendant states. Three entrance rugs, separated with stretches of tile floor between them, are visible in the video. When plaintiff falls, her right foot is at least partially on the tile floor. After her fall, several people

surround plaintiff, and she points to the tile flooring. The low quality of the video makes it difficult to determine if there is any substance on the floor, and the cause of plaintiff's fall is ambiguous. In addition, plaintiff has stated in her interrogatory response that it was "pouring down rain" and that she recalls hearing witnesses to the incident say "yah [sic], the floor is bad" and "look here where the carpets are separated, that's where she slipped." Barhoum Decl., Ex. A, at 2; Pl.'s Resp. 7. Based on this evidence, a reasonable juror could find that plaintiff did slip and infer that the cause of plaintiff's slip, which is central to this suit, was the wet, slippery floor tile.

       Plaintiff does not contend that defendant placed water on the floor, but argues that she can prove that defendant was or should have been aware of water on floor and failed to discover, remove, or warn about it. Pl.'s Resp. 8-10. Specifically, plaintiff alleges that she can prove that defendant negligently placed the entrance rugs, creating gaps between them and exposing slippery tile. *Id.* 8-9.

       As discussed *supra*, plaintiff offers as evidence of defendant's awareness an employee's statement, in reference to her fall, that "this is a problem we have been having." Pl.'s Resp. 4; Kelly Decl. ¶ 6; Barhoum Decl., Ex. A, at 2. The surveillance video shows an obstructed view of an orange cone to the left of the entrance rugs. Barhoum Decl., Ex. C. Although defendant describes the warning markers as "two (2) yellow cones on each side" it confirms in its motion that the cones "warned of wet floors." Def.'s Mot. 6. From this evidence, a reasonable jury could conclude that defendant was aware that there was water on the floor. Additionally, a jury could find that the placement of the entrance rugs, with gaps between, did not adequately remove any water or ameliorate the risk of slipping. *See Hinchman v. UC Mkt.*, LLC, 270 Or. App. 561, 348 P.3d 328 (2015) (holding that genuine issue of fact existed as to whether store negligently created danger when it used lightweight, unsecured floor mats on a windy day).

       Accordingly, defendant has failed to demonstrate an absence of genuine dispute of material fact, precluding summary judgment.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment, ECF [13], is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 6th day of November, 2023.

Adrienne Nelson
United States District Judge